** Summary ** SATISFACTION OF COMPULSORY SCHOOL ATTENDANCE REQUIREMENT The requirements of 70 O.S. 10-105 [70-10-105] (1971) may be met by the providing of means of education other than public or private school, but, if challenged, the adequacy and sufficiency of such education is a question of fact to be determined by a jury within the confines of a court of competent jurisdiction. The Attorney General has considered your opinion request wherein you ask the following question: "In reference to school compulsory attendance, is it possible for a private tutor who has been certified by the Oklahoma Education Association as a teacher to tutor 20 students and satisfy the compulsory school attendance?" A preliminary statement is necessary herein for clarification. The State Board of Education and not the Oklahoma Education Association, is the certifying authority as to all Oklahoma public school teachers. Further, the State Board certifies only "teachers" and not "tutors." Title 70 O.S. 1971, 10-105 [70-10-105], provides in part as follows: "A. It shall be unlawful for a parent, guardian, custodian or other person having control of a child who is over the age of seven (7) years and under the age of eighteen (18) years, and either has not finished four (4) years of highschool work, to neglect or refuse to cause or compel such child to attend and comply with the rules of some public, private or other school unless other means of education are provided for the full term the schools of the district are in session; . . ." (Emphasis added) The Attorney General's office, on June 28, 1950, issued an opinion holding as follows: "Attendance of a school age child in a public school is not compulsory if the child is receiving equivalent instruction by correspondence for the full term of the district schools in session, and if the instruction by a correspondent is not for the purpose of evading the proper education for the child." In Shepherd v. State, 306 P.2d 346, Okl. 19a7, the Court held as follows: "Requirements of school attendance laws could be met even though children were not attending public school or a private school; and, in absence of evidence that the children were not receiving some means of education other than public or private school, the State failed to prove a violation for the compulsory education law." (Emphasis added) The question as to what constitutes "some means of education other than public or private school," is one of fact and accordingly would be a determination to be decided upon the merits. As the Shepherd court indicated, such is a question for the jury to determine whether first, "other means of education were provided," and if so finding, then, whether such education was "adequate;" that is, whether the facilities for the education of the children outside the public school were sufficient, and to determine the proficiency and good faith of the instruction provided, Wright v. State, 21 Okl. Cr. 430,209 P. 179. Therefore, it is the opinion of the Attorney General that your question be answered as follows: The requirements of 70 O.S. 10-105 [70-10-105] may be met by the providing of means of education other than public or private school, but, if challenged, the adequacy and sufficiency of such education is a question of fact to be determined by a jury within the confines of a court of competent jurisdiction. (Larry L. French)